UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

BARBARA WORTHY,

    Plaintiff,

v.

    Case No:

    Hon.

FLAGSTAR BANCORP, INC.,

    Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Barbara Worthy (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Barbara Worthy is a resident of the City of Southfield, County of Oakland and State of Michigan.

2. Defendant, Flagstar Bancorp, Inc. (hereinafter "Defendant") is a domestic profit corporation who is duly authorized to do business throughout the

southeastern district of Michigan and whose resident agent is CSC-Lawyers Incorporating Service whose resident address is 2900 West Road, Suite 500, East Lansing, Michigan 48823.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment due to Plaintiff's disabilities in violation of the American with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is a 59-year-old African-American woman with disabilities and is a member of a protected class.

8. Since an automobile accident in or around the year 2000, Plaintiff has

had been diagnosed with a severe spinal injury, arthritis of the spine and insomnia which substantially interfere with major life activities.

9. On or about September 3, 2019, Plaintiff began her employment with Defendant as a Customer Service Mortgage Representative.

10. Plaintiff started her work for Defendant on the day shift, but Defendant switched her to night shift shortly after her start date.

11. Plaintiff notified Defendant that being placed on the night shift was adversely impacting her and had caused several accidents.

12. On or about January 7, 2020, Plaintiff was taken off work by her doctor due to her insomnia and was told by her doctor that it would be dangerous for Plaintiff to continue working the night shift.

13. Plaintiff's doctor gave Plaintiff a note requesting the reasonable accommodation of moving Plaintiff to the day shift, to help her avoid the problems with insomnia.

14. Defendant denied Plaintiff this reasonable accommodation.

15. On or about January 7, 2020, Plaintiff was forced to take medical leave after her reasonable accommodations were not met.

16. On or about February 21, 2020, Plaintiff contracted a severe case of Covid-19 which was especially severe for Plaintiff as a disabled 59-year-old African-American woman.

17. With a note from her Doctor, Plaintiff then requested that she be allowed to work from home, as similarly situated co-workers were allowed to do for the duration of the Covid-19 pandemic.

18. Defendant denied Plaintiff this reasonable accommodation.

19. As a result of Covid-19, Plaintiff's lung capacity was reduced, and Plaintiff could hardly walk or move around and was limited in her movement capacity.

20. With a note from her Doctor, Plaintiff once again requested that she be allowed to work from home, this time on a permanent basis.

21. On or about July 7, 2020, Plaintiff was terminated.

22. Plaintiff was terminated due to her disabilities and in retaliation for requesting reasonable accommodations.

23. Plaintiff filed a Charge of Discrimination on or about March 29, 2021, and received a Right to Sue Letter on or about November 19, 2021.

## COUNT I
## VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990 AND THE PWDCRA

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. During the course of her employment, Plaintiff suffered from a severe spinal injury, arthritis of the spine, and Covid-19, all disabilities under the ADA and

the PWDCRA, which Defendant regarded as disabilities and which substantially interfere with major life activities.

26. Pursuant to the ADA and the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disabilities.

27. Plaintiff's disabilities were a factor in Defendant's employment decisions.

28. Defendant is an employer within the meaning of the ADA and the PWDCRA.

29. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disabilities, her perceived or regarded disabilities, and her request for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

30. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA and the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

31. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disabilities;

    b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

32. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

33. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

34. Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. Pursuant to the ADA and the PWDCRA, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her engaging in protected activities of complaining of disability discrimination to her employer.

36. Defendant was Plaintiff's employer within the meaning of the ADA and the PWDCRA.

37. Plaintiff complained to her supervisor that she was being subjected to discrimination on the basis of her disabilities.

38. On or about July 7, 2020, Defendant terminated Plaintiff in retaliation for Plaintiff engaging in the aforementioned protected activities.

39. As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, physical injuries, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and

against Defendant in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

      Respectfully submitted,

      **BATEY LAW FIRM, PLLC**

      By: /s/Scott P. Batey
          SCOTT P. BATEY (P54711)
          Attorney for Plaintiff
          30200 Telegraph Road, Suite 400
          Bingham Farms, Michigan 48025
          (248) 540-6800-telephone
          (248) 540-6814-fax
          sbatey@bateylaw.com

Dated: February 16, 2022

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Barbara Worthy, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

      By: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, Michigan 48025
        (248) 540-6800-telephone
        (248) 540-6814-fax
        sbatey@bateylaw.com

Dated:  February 16, 2022